IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DOMINGO CORDOVA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| | § § | Civil Action |
| FLEET SOURCE TRANSPORTATION SERVICES, INC., L.L.C. d/b/a FLEET SOURCE TRANSPORTATION SERVICES, FLEET SOURCE, INC., and EVERETTE DAVIS, | § § § § § § | No. C-06-349 |
| Defendants. | § § | |

**ORDER OF REMAND**

On this day came on to be considered Plaintiff's motion to remand this case back to state court (D.E. 13, "Remand Motion"). For the reasons stated herein, the Court grants Plaintiff's motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to County Court at Law No. 2 of Nueces County, Texas, where it was originally filed and assigned Case Number 05-62158.

**I.   Background**

Plaintiff alleges that on November 17, 2003, an eighteen-wheeler truck driven by Everette Davis, who was employed by Fleet Source, hit the car Plaintiff was driving on U.S. Highway 77.[1]

---

[1] Plaintiff refers to the two Fleet Source entities (Fleet Source Transportation Services, L.L.C. d/b/a Fleet Source Transportation Services and Fleet Source, Inc.) as "Fleet Source." (D.E. 1, Notice of Removal, Attach. 3, Plaintiff's Original Petition ("Petition"), ¶¶ 3-4).

(Petition, ¶ 9).  On November 7, 2005, Plaintiff filed suit against the Fleet Source Defendants and Everette Davis in Nueces County, Texas, County Court at Law No. 2.[2]  Plaintiff has brought claims for negligence against all Defendants.  (Petition, ¶¶ 10-23).

Plaintiff claims that "as a direct and proximate result" of the accident, Plaintiff "suffered severe bodily injuries to his head, neck, back, arm, hand, and other parts of his body generally.  His entire body was bruised, battered and contused".  (Petition, ¶ 30).  Plaintiff describes these injuries as "permanent in nature" and says that they have caused deterioration of his mental and physical condition.  (Petition, ¶ 30).  Plaintiff also alleges that his injuries have caused him "great physical and mental pain, suffering and anguish", and that "in all reasonable probability," this suffering will continue into the future and perhaps for the rest of his life.  (Petition, ¶ 30).

Plaintiff's Original Petition seeks an unspecified amount of damages for the following:  (1) past and future medical care and expenses; (2) past and future physical pain and suffering; (3) past and future physical impairment; (4) probable loss of future earning capacity; (5) past and future mental anguish; (6) fear of future disease or condition; (7) cost of medical monitoring and prevention in the future; (8) property damage; and (9) loss of use.

---

[2]<u>Cordova v. Fleet Source Transportation Services, L.L.C. d/b/a Fleet Source Transportation Services, et al.</u>, Case No. 05621582.

(Petition, ¶ 31). Plaintiff also seeks exemplary damages from the Defendants, on the grounds that Defendants acted with malice and that their acts or omissions involved an "extreme degree of risk." (Petition, ¶¶ 24-29).

The Fleet Source Defendants were served with Plaintiff's Original Petition on February 16, 2006. (Notice of Removal; D.E. 10, Supplement to Notice of Removal ("Removal Supplement"), Attach. 1, pp. 12-23). The record reflects that the Texas Secretary of State mailed Defendant Everette Davis a copy of the Petition by certified mail on December 15, 2005. The Texas Secretary of State received a return receipt dated December 19, 2005. (Removal Supplement, Attach. 1, p. 14).

Defendants removed the action to this Court on August 8, 2006, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, p. 1). Defendants allege that the parties are diverse because Plaintiff is a Texas citizen, the Fleet Defendants are North Carolina citizens, and Defendant Everette Davis is a South Carolina citizen. (Notice of Removal, pp. 1-2; Removal Supplement, pp. 1-2). Defendants allege that they removed the case within thirty days of receipt of Plaintiff's discovery responses on July 19, 2006. (Notice of Removal, pp. 2-4). Defendants claim that the receipt of the discovery responses was the first time that they learned that the amount in controversy exceeded the jurisdictional requirements. (Notice of Removal, pp. 3-4).

On September 6, 2006, Plaintiff filed a Motion to Remand the case for procedural defects in the removal process. (Remand Motion). In particular, Plaintiff argued that Defendants' removal was untimely because Defendants did not remove the case within thirty days after they were served with the Petition. (Remand Motion, ¶ 9). Therefore, Plaintiff argued that removal was improper and the case must be remanded back to state court. (Remand Motion, p. 4).

## II.  Discussion

### A.  General Removal Principles

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"); Shamrock Oil & Gas Corp.

v. Sheets, 313 U.S. 100 (1941).

It is well-settled that the removing party bears the burden of showing that the removal was proper.  See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997).  This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute.  See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).  The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed.  See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000, exclusive of interests and costs.  See 28 U.S.C. § 1332(a).

**B.   Timing of Removal**

28 U.S.C. § 1446(b) provides that a notice of removal must be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b).

The Fifth Circuit has held that the thirty-day time limit in § 1446(b), with respect to an initial pleading, is triggered "when

that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Bosky v. Kroger Texas, LP, 288 F.3d 208, 210 (5th Cir. 2002); see also Chapman v. Powermatic, 969 F.2d 160, 163 (5th Cir. 1992).

### C. **Defendants' Removal Was Not Timely**

In this case, Plaintiff's initial pleading, which was served at the latest on Defendants on February 16, 2006, affirmatively reveals on its face that the amount in controversy is greater than $75,000.00. (Petition, ¶¶ 30-31). Although the Petition does not set forth a specific amount of damages, Plaintiff claims that he suffered "severe bodily injuries" and "great physical and mental pain", and he seeks damages for past and future medical care and expenses, past and future physical pain and suffering, past and future physical impairment, probable loss of future earning capacity, past and future mental anguish, fear of future disease or condition, costs of medical monitoring and prevention, property damage and loss of use. (Petition, ¶¶ 30-31). The Petition also seeks exemplary damages against all the Defendants. (Petition, ¶¶ 24-29). Where a plaintiff's petition contains allegations such as these, the Fifth Circuit has found that it is "facially apparent" that the petition supports federal jurisdiction. See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000); see also

Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999).³

In Gebbia, the plaintiff alleged injuries to her wrist, knee, patella and back, resulting from a slip-and-fall in a Wal-Mart store. See Gebbia, 233 F.3d at 881. The plaintiff did not allege a specific amount of damages in her state court petition. See id. The Fifth Circuit found as follows:

> It is 'facially apparent' from Plaintiff's original petition that the claimed damages exceeded $75,000 ... [because] Plaintiff alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement.

Id. at 883.

Plaintiff's Original Petition in this case contains allegations almost identical to those found "facially apparent" by the Fifth Circuit, with Plaintiff even seeking additional damages above and beyond what the plaintiff claimed in Gebbia. Id. As in Gebbia, Plaintiff has alleged certain injuries to his body (injuries to his head, back, arm, and hand, along with bruising, battering and contusions to his entire body). See Gebbia, 233 F.3d at 880 (alleging injuries to plaintiff's wrist, knee, patella and

---

³In Luckett, the airline lost the plaintiff's luggage, which contained her heart medication. See Luckett, 71 F.3d at 297. The plaintiff claimed that the lapse in her medication resulted in her hospitalization for congestive heart failure. See id. The plaintiff's original petition alleged damages for property loss, travel expenses, an emergency ambulance trip, a six-day hospital stay, pain and suffering, humiliation and the temporary inability to do housework. See id. at 298. The Fifth Circuit held that based on those allegations, "[r]eading the face of the complaint, the district court did not err in finding that Luckett's claims exceeded $75,000." Id.

back); see also Petition, ¶ 30.  Plaintiff has also alleged very similar damages as the plaintiff alleged in Gebbia (past and future medical expenses, past and future physical pain and suffering, past and future mental anguish, past and future physical impairment, and loss of earning capacity).  See Gebbia, 233 F.3d at 883; see also Petition, ¶ 31.  Moreover, unlike the plaintiff in Gebbia, Plaintiff in the instant case has also alleged exemplary damages against all three Defendants, and Plaintiff has alleged property damage and loss of use for the damage to his car.  (Petition, ¶¶ 24-29, 31).[4]

Accordingly, the Court finds that Plaintiff's Original Petition affirmatively reveals on its face that the amount in controversy is greater than $75,000.  See Gebbia, 233 F.3d at 883.  Therefore, receipt of the Plaintiff's discovery responses would not have been the first time Defendants became aware that the amount in controversy exceeded the jurisdictional requirements.  See id.  Defendants, however, failed to remove the case within thirty days of being served with Plaintiff's Original Petition on February 16, 2006.[5]  (Notice of Removal; Removal Supplement, Attach. 1, pp. 12-

---

[4]Plaintiff has also alleged damages for fear of future disease or condition and the cost of medical monitoring and prevention in the future.  (Petition, ¶ 31).

[5]As noted above, this is the latest possible date of service. (Removal Supplement, Attach. 1, p. 14).  The record reflects that the Texas Secretary of State mailed a copy of the Petition to Defendant Everette Davis on December 15, 2005. (Removal Supplement, Attach. 1, p. 14).

23). Instead, Defendants waited over seven months to remove the case. (Notice of Removal, p. 1). As such, Defendant's removal is untimely under § 1446(b) and the case must be remanded back to state court.

### III. Conclusion

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action. The Court hereby GRANTS Plaintiff's Motion to Remand, and this case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2 of Nueces County, Texas, where it was originally filed and assigned Case Number 05-62158.

SIGNED and ENTERED this 18th day of September, 2006.

_____
Janis Graham Jack
United States District Judge